Case 2:25-cv-00052   Document 17   Filed on 05/05/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 05, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JEROME JORDAN,§§Plaintiff,§§v.§OFFICER M. SELLES, *et al.,*§§Defendants.§§§§§ | CIVIL ACTION NO. 2:25-CV-00052 |

## ORDER

For the reasons discussed below, this case is DISMISSED without prejudice, and the grant of leave to proceed *in forma pauperis* is VACATED as moot.

Plaintiff brought this prisoner civil rights suit under 42 U.S.C. § 1983 on February 14, 2025, naming 21 defendants. (Doc. No. 1.) These 21 defendants are apparently all employees of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) and are employed at three different TDCJ-CID units: the Montford Unit in Lubbock; the Robinson Unit in Abilene; and the Allred Unit in Iowa Park.

All of the acts complained of by Plaintiff allegedly occurred at one or more of these three TDCJ-CID units. As one example, Plaintiff claims that on August 12, 2023, Officer Selles, a defendant employed at the Montford Unit, "placed something that you can't see or smell in my food and I threw up and pooped all night with large amounts of blood and were denied medical …." (Doc. No. 1, p. 4.) He alleges that another 13 defendants, variously assigned at the Montford Unit, Robinson Unit, and Allred Unit, are also liable for not attending to Plaintiff's medical needs stemming from this alleged incident and for denying his grievances. *Id.* at 3, 6.

Plaintiff's claims in this lawsuit allege other types of conduct, committed by other defendants, occurring at other locations. Some of the claims include:

- CPT Crase at the Allred Unit "denied sexual harassment and threatened me to keep quiet and denied medical;"
- Property Room M.S.O. at the Allred Unit "denied my claims of missing property;"
- Mrs. Kelly at the Allred Unit "held mail till time expired and held personal mail from reaching its destination and even rerouting mail;"
- Ms. Good and Ms. Gratham at the Allred Unit "denied all access to library;" and
- Three nurses at the Allred Unit "refused diabetic treatment and check ups."

*Id.* at 6. But none of the alleged acts in this lawsuit occurred in this district or were allegedly committed by anyone in this district.

Section 1406(a) of Title 28, United States Code, provides that when a case is filed in the wrong district, the district court shall either dismiss or transfer the case. If in the interest of justice, the court has the discretionary authority to transfer the case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). A district court may raise the issue of venue sua sponte. *See Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989).

To determine whether venue is improper, courts look to 28 U.S.C. § 1391. That statute provides that a civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located. 28 U.S.C. § 1391(b)(1). An action may also be brought in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Finally, "if there is no district in which an action may otherwise be brought as provided in this section," a civil action may be brought in "any

judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3).  If a district falls under any of these three listed categories, then venue is proper; if not, then venue is improper and the case must be dismissed or transferred under 28 U.S.C. § 1406(a).  *See Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55-56 (2013).

Plaintiff does not name any defendant who resides or works in this district.  Nor does he allege that any part of the events or omissions that give rise to his claims occurred in this district.  Instead, all of Plaintiff's claims originate from alleged acts that occurred at locations where he is or has been incarcerated – the Montford, Robinson, and Allred Units – all of which are outside this district.  All three of those prisons are located in the Northern District of Texas: the Montford Unit is located in the Lubbock Division; the Robinson Unit is located in the Abilene Division; and the Allred Unit is located in the Wichita Falls Division.

None of § 1391(b)'s provisions apply here.  First, § 1391(b)(1) is inapplicable, because Plaintiff does not allege that any of the defendants reside in this district.  Likewise, § 1391(b)(2) does not support venue in this district, because Plaintiff does not allege that any, let alone a substantial part, "of the events or omissions giving rise to the claim" occurred in this district.  Finally, because Plaintiff could bring his suit in the Northern District of Texas, 28 U.S.C. § 1391(b)(3) is also inapplicable.  Thus, venue is improper in the Southern District of Texas and dismissal is appropriate.

The interests of justice do not support transfer of this case instead of dismissal.  First, Plaintiff's scattershot pleading improperly attempts to combine multiple claims into a single lawsuit.  Plaintiff's unrelated claims belong in separate lawsuits, with Plaintiff paying the filing fee for each.  *See Hanna v. Edwards*, Civ. No. 21-537-JWD-RLB, 2023 WL 4553633, at *1 (M.D.

La. June 22, 2023) (citing *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *see also* Fed. R. Civ. P. 18, 20 (limiting joinder of claims and parties). Second, the alleged acts forming the basis for Plaintiff's many claims occurred in three different divisions of the Northern District. Rather than attempt to dissect this case into three cases and transfer each, and rather than transferring the case as a whole to one division in the Northern District and burdening that court with the task of determining where the claims should be evaluated, the Court finds that dismissal of this case is the better approach.

This case is DISMISSED without prejudice.

The earlier grant of *in forma pauperis* status (Doc. No. 13) is VACATED. The Clerk is DIRECTED to forward a copy of this order to **TDCJ Court Collections / Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629**, and to Plaintiff at his **address on file** and at the following address: **TDCJ No. 02223586, Allred Unit, 2101 FM 369 North, Iowa Park, Texas 76367**.

**ORDERED** on May 5, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE